[Cite as *State v. Daniels*, 2017-Ohio-8151.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JAMES H. DANIELS

    Appellant

C.A. Nos.    28444
                  28518

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.   CR 2014 03 0684 (A)
              CR 2015 06 1864

DECISION AND JOURNAL ENTRY

Dated: October 11, 2017

HENSAL, Presiding Judge.

{¶1} James Daniels appeals a judgment of the Summit County Court of Common Pleas that found him guilty of violating the terms and conditions of community control. For the following reasons, this Court affirms.

I.

{¶2} In 2014, Mr. Daniels pleaded guilty to trafficking in cocaine. The trial court suspended his sentence on the condition that he complete community control. In 2015, Mr. Daniels pleaded guilty to a different count of trafficking. The trial court again suspended his sentence on the condition that he complete community control. In 2016, the State accused Mr. Daniels of violating the terms and conditions of community control in both cases. Following a hearing, the trial court found Mr. Daniels guilty, and it sentenced him to 36 months

imprisonment in both cases, which it ordered him to serve consecutively. Mr. Daniels has appealed, assigning two errors.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REVOKED MR. DANIELS' COMMUNITY CONTROL FOR FAILURE TO PAY SUPERVISION FEES.

{¶3} Mr. Daniels argues that the trial court abused its discretion when it found he violated the terms and conditions of community control for not paying his supervision fees. We conclude, however, that this argument is not properly before us. At the violation hearing, Mr. Daniels's probation officer accused him of committing several violations, including his "fail[ure] to pay his $20 a month in probation fees." She said that he committed that violation with respect to his 2014 case. This Court has previously determined that Mr. Daniels did not perfect his appeal from the case involving the 2014 conviction and has dismissed that part of the appeal. Accordingly, we do not have jurisdiction to review Mr. Daniels's argument. His first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN TAKING JUDICIAL NOTICE OF THE ALLEGED FACTS CONTAINED IN THE COMMUNITY CONTROL VIOLATION MEMO AND LATER REVOKING JAMES DANIELS' COMMUNITY CONTROL BASED ON THOSE SAME CHARGES FOR WHICH HE WAS NOT CONVICTED.

{¶4} Mr. Daniels next argues that the trial court abused its discretion when it revoked his community control and sentenced him to prison. He argues that the court improperly took judicial notice of his probation officer's violation memo, which drew from police reports of incidents that did not result in conviction. According to Mr. Daniels, the allegations in the

violation memo constituted "double-hearsay[,]" which was insufficient to support the revocation of his community control. We review a trial court's probation revocation decision for abuse of discretion. *State v. Armstrong*, 9th Dist. Medina No. 1709, 1988 WL 99194, *1 (Sept. 21, 1988).

{¶5} At the revocation hearing, the prosecutor asked Mr. Daniels's probation officer about the reasons Mr. Daniels was arrested, including whether she had read the police reports. The probation officer answered that she had read the reports. The prosecutor next asked what information was in police reports, but the trial court interjected that the information was already in the probation officer's violation memo. The prosecutor, therefore, requested that the court "take notice that it's in the memo" and indicated that he would "move on * * * to be expedient." The court replied "[t]hank you."

{¶6} The probation officer identified three community control violations pertaining to Mr. Daniels's 2015 conviction. The first was his failure to successfully complete Transitional Services. The second was his failure to obtain full-time employment. The third was his failure to pay the costs of his prosecution. Mr. Daniels's probation officer did not allege that the incidents identified in the police reports constituted violations of Mr. Daniels's community control conditions. She only testified that it was his arrest on those allegations that prompted her to file a violation based on his infractions. She also testified that, although Mr. Daniels was still enrolled in Transitional Services at the time she filed the violation, his failure to complete that program would also have caused her to file one.

{¶7} Mr. Daniels argued at the probation hearing that, although the facts supported "maybe a technical guilty finding[,]" the court should not re-impose his sentence. Upon review of the record, we conclude that the trial court's finding that Mr. Daniels violated the terms and conditions of community control was not based on it improperly taking judicial notice under

Evidence Rule 201.[1] We also conclude that the trial court did not exercise improper discretion when it revoked Mr. Daniels's community control. Mr. Daniels's second assignment of error is overruled.

### III.

**{¶8}** Mr. Daniels's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

---

[1] We note that, under Evidence Rule 101(C)(3), the rules of evidence do not apply to "proceedings with respect to community control sanctions[.]"

CARR, J.
TEODOSIO, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

BARBARA J. ROGACHEFSKY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.