[Cite as *State v. Mullins*, 2022-Ohio-4686.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

MICHAEL MULLINS,

    DEFENDANT-APPELLANT.

CASE NO. 3-22-28

O P I N I O N

Appeal from Crawford County Common Pleas Court
Trial Court No. 21-CR-0054

Judgment Affirmed

Date of Decision:  December 27, 2022

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Daniel J. Stanley* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Michael L. Mullins ("Mullins") appeals the judgment of the Crawford County Court of Common Pleas, arguing the trial court erred in finding that he had violated the conditions of his community control. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On March 2, 2021, Mullins was indicted on one count of domestic violence in violation of R.C. 2919.25(A), R.C. 2919.25(D)(4), a felony of the third degree. Doc. 1. On July 7, 2021, Mullins pled guilty to the count of domestic violence as charged against him. Doc. 23. The trial court then sentenced Mullins to five years of community control. Doc. 24. On August 20, 2021, a motion was filed with the trial court that alleged that Mullins had not complied with the conditions of his community control. Doc. 27.

{¶3} On June 22, 2022, the trial court held a hearing on this matter. Tr. 1. Doc. 38. At the hearing, the State alleged that Mullins tested positive for amphetamines, methamphetamines, and alcohol on July 13, 2021 in violation of the conditions of his community control. Tr. 7. *See also* Doc. 30. The State called Jeremy Clay ("Clay"), who was the probation officer assigned to Mullins, to testify. Tr. 8. Clay stated that the conditions of Mullins's community control prohibited him from using alcohol and drugs. Tr. 9, 15.

**{¶4}** Clay further testified that Mullins had been subject to pretrial supervision in Morrow County for an offense that predated this case. Tr. 10. James Miracle ("Miracle") conducted a drug screening in Morrow County on Mullin as part of his supervision on July 13, 2021. Tr. 10-11. Miracle then forwarded the results of this test to Clay. Tr. 12. The report indicated that Mullins had prohibited substances in his system, including amphetamines, methamphetamines, and alcohol. Tr. 12. A copy of this report was admitted at the hearing as Exhibit A. Tr. 12. Ex. A.

**{¶5}** Mullins then testified. Tr. 22. While he denied using amphetamines and methamphetamines, Mullins admitted that he had consumed alcohol before his screening. Tr. 23. On June 23, 2022, the trial court issued a judgment entry in which it found that Mullins had violated the conditions of his community control; revoked his community control; and imposed a prison term. Doc. 38.

*Assignment of Error*

**{¶6}** Mullins filed his notice of appeal on July 18, 2022. Doc. 43. On appeal, he raises the following assignment of error:

> **The trial court erred in a community control violation hearing by admitting hearsay evidence which is the only basis for finding the violation and no good cause exists for allowing such evidence without confrontation, requiring the finding of the violation to be set aside.**

Mullins asserts that the trial court's determination that he had violated the conditions of his community control was based solely on hearsay contained in the Morrow

County drug test admitted as Exhibit A and Clay's testimony about the test results. On the basis of this assertion, he then argues that the trial court erred finding that he had violated the conditions of his community control.

*Legal Standard*

{¶7} "Because a community control violation hearing is not a criminal trial, the State need not prove a violation beyond a reasonable doubt." *State v. Roberts*, 2017-Ohio-481, 84 N.E.3d 339, ¶ 20 (2d Dist.). Instead, "the State must show substantial evidence that the offender violated the terms of his community-control sanctions at a community-control-revocation hearing." *State v. Boykins*, 3d Dist. Marion No. 9-14-28, 2015-Ohio-1341, ¶ 20.

> **'Substantial evidence is akin to a preponderance-of-the-evidence burden of proof.' *State v. Burdette*, 5th Dist. Morrow No. 10-CA-9, 2011-Ohio-4425, \*4 \* \* \*. 'Substantial evidence is considered to consist of more than a mere scintilla of evidence, but somewhat less than a preponderance.' *Id*. \* \* \*.**

(Citations omitted.) *State v. Crayton*, 3d Dist. Crawford No. 3-22-10, 2022-Ohio-3183, ¶ 6, quoting *Boykin* at ¶ 21. "The decision of a trial court finding a community-control violation will not be disturbed absent an abuse of discretion." *State v. Espinoza*, 3d Dist. Allen No. 1-21-48, 2022-Ohio-1807, ¶ 17. An abuse of discretion is not simply an error of judgment but is a decision that was arbitrary, unreasonable, or capricious. *State v. Wilson*, 2022-Ohio-504, 185 N.E.3d 176, ¶ 37 (3d Dist.).

*Legal Analysis*

**{¶8}** On appeal, Mullins argues that the trial court erred by relying solely on hearsay evidence in deciding that he had violated the conditions of his community control. As an initial matter, Evid.R. 101(C) states that the Ohio Rules of Evidence "do not apply" in "proceedings with respect to community control sanctions * * *." Evid.R. 101(C)(3).

> **The rationale behind this exception is, given the informality of this type of proceeding, the trier of fact should be able to consider any reliable and relevant evidence to determine whether the probationer has violated the conditions of his probation. *Columbus v. Bickel*, 77 Ohio App.3d 26, 36-37 (10th Dist.1991). Indeed, hearsay evidence can be permissible in a community-control-revocation hearing, even if it would have been inadmissible in a criminal trial. [*State v.*] *Kaimachiande*[, 3d Dist. Logan No. 8-18-57, 2019-Ohio-1939,] ¶ 20 citing *State v. Ohly*, 6th Dist. Erie No. E-05-052, 2006-Ohio-2353, ¶ 21.**

*State v. Blankenship*, 3d Dist. Crawford No. 3-21-20, 2022-Ohio-1808, ¶ 16. "Whether hearsay evidence is sufficiently trustworthy to be worth considering during a revocation hearing lies within the sound discretion of the trial court." *State v. Stringer*, 2d Dist. Montgomery No. 29069, 2021-Ohio-2608, ¶ 14.

**{¶9}** However, "[t]he introduction of hearsay evidence into a revocation hearing is reversible error when that evidence is the only evidence presented and is crucial to a determination of a * * * violation." *Stringer* at ¶ 16, quoting *State v. Ryan*, 3d Dist. Union No. 14-06-55, 2007-Ohio-4743, ¶ 9. *See also Ohly, supra*, at, ¶ 21. This rule exists to protect the "due process right to confront and cross-examine

adverse witnesses." *State v. Brandon*, 2d Dist. Montgomery No. 23336, 2010-Ohio-1902, ¶ 19.

**{¶10}** In this case, Mullins testified at the revocation hearing and admitted to violating the conditions of his community control by consuming alcohol. Tr. 23. *Blankenship* at ¶ 17. *See* Tr. 34-35. In rendering a decision at the hearing, the trial court stated the following:

> **The Defendant admitted that he used alcohol * * *. So if he used alcohol while on Community Control, he violated, that's it. This [original offense] is a felony of the third degree, it is a felony of violence * * *, this isn't one of those situations where he just tested positive for alcohol means that he can only go to prison for six months and come back out * * *[.] All right, it's a Felony of the Third Degree, a violent offense, so there is no doubt in my mind that we have a violation here, a violation of alcohol. Um, and on that Motion alone, on that finding alone, I could move forward with the case. Now, I am going to look at what the other allegations are.**

Tr. 38-39. Thus, the trial court's decision to find that Mullins had violated the conditions of his community control was not based solely on hearsay testimony. *See State v. McDargh*, 2d Dist. Clark No. 2015-CA-27, 2016-Ohio-1132, ¶ 14 (considering whether hearsay was "the only testimony presented to determine McDargh's multiple violations of the terms of his community control").

**{¶11}** Finally, even if hearsay was the only evidence that was introduced to establish that Mullins had prohibited drugs in his system and even if the trial court erred in finding that Mullins had violated the condition enjoining the consumption of prohibited drugs, any such error would ultimately be harmless.

> **Crim.R. 52(A) defines a harmless error as '[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.'  Crim.R. 52(A).  "In most cases, in order to be viewed as 'affecting substantial rights,' 'the error must have been prejudicial.'"** *State v. Harris*, **142 Ohio St.3d 211, 2015-Ohio-166, 28 N.E.3d 1256, ¶ 36, quoting** *State v. Fisher*, **99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 7.  'Harmless error does not affect the outcome of the case and, thus, does not warrant a judgment to be overturned or set aside.'** *State v. Wilson*, **3d Dist. Allen, No. 1-09-53, 2010-Ohio-2947, ¶ 26, citing** *State v. Brown*, **100 Ohio St.3d 51, 2003-Ohio-5059, 796 N.E.2d 506, ¶ 7.**

*State v. Costell*, 3d Dist. Union No. 14-21-02, 2021-Ohio-4363, ¶ 42.  Our basis for this conclusion is the fact that Mullins admitted to having consumed alcohol in violation of the conditions of his community control.  Tr. 23.

{¶12} Because of this admission, the trial court's determination that Mullins had violated the conditions of his community control was not based solely on its finding that he had consumed prohibited drugs.  In fact, the trial court expressly stated that it could have proceeded on the basis of Mullins's admission of alcohol consumption alone.  Tr. 38-39.  For these reasons, even if the trial court erred in finding that Mullins had violated the condition that enjoined him from consuming prohibited drugs, there is no indication that the trial court would not have found Mullins to have violated the conditions of his community control.[1]  Thus, Mullins cannot show that this alleged error affected outcome of this case.[2]  Accordingly, even if this finding was error, it was harmless error.

---

[1] We do not make a determination of this fact in this opinion.
[2] In this appeal, Mullins only challenges the trial court's finding that he had violated the conditions of his community control.  We, therefore, limit our analysis to the parameters of his challenge.

**{¶13}** After examining the materials in the record, we cannot conclude that the trial court abused its discretion in finding that Mullins had violated the conditions of his community control. The transcript of this revocation hearing demonstrates that the trial court's determination was not based solely on hearsay testimony but was supported by one of Mullins's own admissions at the hearing. Accordingly, his sole assignment of error is overruled.

*Conclusion*

**{¶14}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Crawford County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and MILLER, J., concur.**

**/hls**