[Cite as *State v. Thoman*, 2024-Ohio-2219.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ROBERT THOMAN,

    DEFENDANT-APPELLANT.

CASE NO. 3-23-43

O P I N I O N

Appeal from Crawford County Common Pleas Court
Trial Court No. 23-CR-0099

**Judgment Affirmed**

**Date of Decision:  June 10, 2024**

**APPEARANCES:**

    *Christopher Bazeley* **for Appellant**

    *Daniel J. Stanley* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Robert Thoman ("Thoman") brings this appeal from the judgment of the Crawford County Court of Common Pleas finding that Thoman had violated his community control, revoking his community control, and sentencing Thoman to 17 months in prison. On appeal Thoman claims that the trial court's judgment is against the manifest weight of the evidence. For the reasons set forth below, the judgment is affirmed.

{¶2} On May 17, 2023, Thoman entered a guilty plea to one count of domestic violence in violation of R.C. 2919.25(A), a felony of the fourth degree. The trial court sentenced Thoman to five years of community control and reserved a prison term of 6-18 months. On October 2, 2023, a notice of violation was filed with the trial court. The notice alleged that Thoman violated a protection order by entering the residence of his victim in the domestic violence offense and by refusing to submit to a requested drug screen. A hearing on the violation was held on November 6, 2023. The trial court found that Thoman had violated his community control and then revoked the community control. The trial court then ordered Thoman to serve 17 months in prison. Thoman appealed from this judgment. On appeal, Thoman raised one assignment of error.

> **The trial court's finding that Thoman violated the terms of his community control is against the weight of the evidence.**

**{¶3}** The sole assignment of error claims that the trial court's findings were against the manifest weight of the evidence. A trial court's finding of a community control violation will not be disturbed absent an abuse of discretion. *State v. Sandlin*, 3d Dist. Crawford No. 3-21-10, 2022-Ohio-570, ¶ 15. "An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable." *Id.*

**{¶4}** To show a community control violation, the State must show "substantial" evidence that the offender violated one of the terms of the community control sanctions. *Id.* The State in this case alleged that Thoman had violated the first, fifth, and seventh conditions of his community control. The first condition required Thoman to comply with all federal, state, and local laws. The fifth condition prohibited Thoman from having contact with the victim from the domestic violence conviction. The State alleged that he had violated R.C. 2919.27 by having contact with the victim when he entered the victim's residence on October 1, 2023. The seventh condition was that Thoman would submit to drug testing when requested. The State alleged that Thoman violated this condition by refusing to submit to a requested drug test on October 2, 2023.

**{¶5}** While neither brief sets forth facts that clearly support the violation, a review of the transcript presents a clearer picture. At the hearing for the community control violation, the State presented testimony of Officer Christopher Heydinger ("Heydinger"), who was Thoman's probation officer. Heydinger testified that

-3-

Thoman was notified that he was not allowed to have contact with the victim of the offense on May 18, 2023. Heydinger also testified that Thoman was notified that he was required to submit to random drug screens. On October 2, 2023, Heydinger noticed that Thoman was listed as an inmate at the Crawford County Jail after being arrested for a probation violation. Heydinger identified Ex. A. as the Bucyrus Police Department's Investigation Report from the incident.

{¶6} Exhibit A indicated that a caller had witnessed a male throw a female into the house while the female was yelling for help. After the two were in the home, the caller could still hear the woman yelling for help. When the officer arrived at the home, the officer could hear a woman yelling inside. The officer knocked at the door and the yelling stopped. The victim "answered the door and advised [Thoman] was at the house when she returned home and that she [had] a no contact order in place with him." Ex. A at 5. The victim claimed Thoman had left and that she was yelling at the phone. The officer then asked the victim to show him her phone, but she was unable to find it. While in the home, the officer heard a loud thud and asked the victim for permission to search the home, which was given. Thoman was found hiding in the attic. The Exhibit was accepted into evidence without objection.

{¶7} Once Heydinger learned that Thoman was in jail, Heydinger requested that Thoman submit to a drug screen while at the jail. A staff member from the county jail called Heydinger to notify him that Thoman had refused the test.

Thoman had a history of drug usage. On cross-examination, Heydinger admitted that the notice of violation occurred based upon the police report and the hearsay statements of the jail staff.

{¶8} Thoman presented the testimony of his mother Sandra McGuire ("McGuire"). McGuire testified that Thoman and the victim had bought the residence at issue together, so he is a part owner. McGuire claimed that the victim told McGuire the victim would not be there that day. McGuire sent Thoman over to fix the furnace. McGuire said the victim consented to Thoman being there when the victim was gone. No one knew that the victim would be there when Thoman was there.

{¶9} After the testimony, the trial court found that there was no violation of statute because R.C. 2919.27 did not apply in this case. However, there was a court order to have no contact with the victim, which Thoman violated by going to the house. The court order specifically said that Thoman was to have no contact with the victim and specified that the order applied "even with the person's permission." Thus, the trial court found that Thoman had violated the first and fifth conditions of his community control. Additionally, the trial court found that Thoman had violated the seventh condition by refusing the drug screen.

{¶10} Thoman argues that the judgment is not supported by the weight of the evidence because Heydinger was not testifying of his personal knowledge and the evidence was all hearsay. However, community control revocation hearings are not

subject to the rules of evidence and hearsay evidence is admissible. *State v. Westrick*, 3d Dist. Putnam No. 12-10-12, 2011-Ohio-1169, ¶ 24.

> The rationale behind this exception is, given the informality of this type of proceeding, the trier of fact should be able to consider any reliable and relevant evidence to determine whether the probationer has violated the conditions of his probation. * * * Indeed, hearsay evidence can be permissible in a community-control-revocation hearing, even if it would have been inadmissible in a criminal trial.

*State v. Blankenship*, 3d Dist. Crawford No. 3-21-20, 2022-Ohio-1808, ¶ 16 (citations omitted). The trial court has the sound discretion to determine the trustworthiness of the hearsay evidence presented. *State v. Mullins*, 3d Dist. Crawford No. 3-22-28, 2022-Ohio-4686, ¶ 8. "However, '[t]he introduction of hearsay evidence into a revocation hearing is reversible error when that evidence is the only evidence presented and is crucial to a determination of a * * * violation.'" *Id*. at ¶ 9 quoting *State v. Stringer*, 2d Dist. Montgomery No. 29069, 2021-Ohio-2608, ¶ 14.

{¶11} Here, the testimony presented by the State was all based upon hearsay evidence. However, Thoman presented the testimony of McGuire who testified that Thoman had gone to the home with the permission of the victim. This testimony confirms that presented by the State that Thoman had violated the first and fifth conditions of his community control as the no contact order specified that if Thoman were to encounter the victim accidentally, he "must depart immediately." Given the evidence before it, the trial court did not abuse its discretion in finding that Thoman

had violated the terms of his community control by going to the victim's residence. The assignment of error is overruled.

{¶12} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Crawford County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**WALDICK and MILLER, J.J., concur.**

**/hls**