[Cite as *State v. Burroughs*, 2026-Ohio-166.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

  v.

STEFANIE BURROUGHS,

      DEFENDANT-APPELLANT.

CASE NO. 3-25-23

OPINION AND
JUDGMENT ENTRY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

  v.

STEFANIE BURROUGHS,

      DEFENDANT-APPELLANT.

CASE NO. 3-25-34

OPINION AND
JUDGMENT ENTRY

Appeals from Crawford County Common Pleas Court
Trial Court Nos. 23-CR-0020 and 23-CR-0205

**Judgments Affirmed**

**Date of Decision: January 20, 2026**

APPEARANCES:

*William T. Cramer* **for Appellant**

*Daniel J. Stanley* **for Appellee**

**WALDICK, J.**

{¶1} This is a consolidated appeal in which the defendant-appellant, Stefanie Burroughs ("Burroughs"), appeals the July 28, 2025 judgments of the Crawford County Court of Common Pleas in two cases in which the trial court revoked Burroughs' community control and imposed a 7-month term of incarceration. For the reasons set forth below, we affirm.

*Procedural History*

{¶2} In Case Number 3-35-23 (23-CR-020), an indictment was returned against Burroughs on January 24, 2023. In the sole count of that indictment, Burroughs was charged with Violating a Protection Order, a fifth-degree felony in violation of R.C. 2919.27(A)(1) and (B)(3)(a). On May 1, 2023, Burroughs pled guilty to the charge in the indictment, and was sentenced to a five-year term of community control.

{¶3} In Case Number 3-25-24 (23-CR-205), an indictment was returned against Burroughs on July 11, 2023. That single-count indictment charged

Burroughs with Violating a Protection Order, a fifth-degree felony in violation of R.C. 2919.27(A)(2) and (B)(3)(c). On July 3, 2024, Burroughs pled guilty to the charge in that indictment, and was sentenced to a five-year term of community control.

{¶4} As a result of Burroughs being charged with a felony in the second case, a community control violation was filed against Burroughs in the earlier case. On July 3, 2024, when the second case was resolved with Burroughs' guilty plea, she also admitted the community control violation in the earlier case. At that time, the trial court ordered that Burroughs be continued on community control in the first case.

{¶5} On March 17, 2025, a notice of an alleged community control violation was filed in both cases. Those notices alleged that Burroughs had violated the terms of her community control on March 13, 2025 in two ways: (1) that Burroughs had committed Domestic Violence and Assault, and (2) that Burroughs had consumed alcohol.

{¶6} On July 2, 2025, an evidentiary hearing was held on the alleged community control violations. At the hearing, the State of Ohio presented the testimony of Crawford County Probation Officer Jeremy Clay, along with two evidentiary exhibits. After the state rested its case, the defense presented the testimony of Burroughs and her boyfriend, Jonathan Barrier, along with one evidentiary exhibit consisting of 14 photographs. Following the presentation of

evidence, the trial court ruled from the bench and found that Burroughs had violated the terms of community control as alleged in both cases. On July 3, 2025, the trial court filed a judgment entry in both cases reflecting the court's findings that the terms of Burroughs' community control had been violated.

{¶7} On July 23, 2025, a dispositional hearing was held in both cases with regard to the community control violations. At that time, the trial court terminated the community control as unsuccessful in both cases, and sentenced Burroughs to a prison term of seven months in each case, to be served concurrently. The trial court further ordered that the prison terms be served in the Crawford County Jail.

{¶8} On July 28, 2025, the trial court journalized its sentencing decisions in the two cases. On August 1, 2025, the trial court filed a nunc pro tunc judgment entry in both cases, correcting a typographical error in the July 28, 2025 judgment entries.

{¶9} On August 13, 2025, Burroughs filed a notice of appeal in each case. This court subsequently ordered that the two appeals be consolidated.

{¶10} On appeal, Burroughs raises three assignments of error for our review.

**First Assignment of Error**

**The weight of the evidence does not support the trial court's finding that appellant violated the law by committing the crimes of assault and domestic violence.**

**Second Assignment of Error**

**The trial court abused its discretion by terminating community control and imposing a lengthy jail sentence.**

**Third Assignment of Error**

**The trial court erred by imposing more than 90 days for the technical violation of consuming alcohol.**

*Analysis of Assignments of Error*

*First Assignment of Error*

{¶11} In the first assignment of error, Burroughs asserts that the trial court's finding that she violated her community control was against the manifest weight of the evidence with regard to the first of the two alleged community control violations.

{¶12} In the two cases involved in this appeal, the notices of community control violations filed on March 17, 2025 alleged that Burroughs had violated the terms of her community control in two ways. Specifically, the notices alleged that (1) on March 13, 2025, Burroughs had committed Domestic Violence and Assault, a violation of Community Control Condition #1, pursuant to which Burroughs was required to obey all federal, state, and local laws and conduct herself as a responsible law-abiding citizen; and (2) on March 13, 2025, Burroughs had consumed alcohol, a violation of Community Control Condition #13, pursuant to which Burroughs was prohibited from purchasing, possessing, or consuming any alcoholic beverage.

**{¶13}** In this assignment of error, Burroughs argues that the trial court lost its way in finding that Burroughs had violated Community Control Condition #1, a violation based on the allegation that Burroughs had assaulted her sister.

**{¶14}** A trial court's finding of a community control violation will not be disturbed absent an abuse of discretion. *State v. Sandlin*, 2022-Ohio-570, ¶ 15 (3d Dist.). An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

As this Court explained in *State v. Wallace*, 2023-Ohio-676 (3d Dist.):

> "Because a community control violation hearing is not a criminal trial, the State need not prove a violation beyond a reasonable doubt." *State v. Roberts*, 2d Dist. Champaign No. 2016-CA-8, 2017-Ohio-481, ¶ 20, 84 N.E.3d 339. Rather, "the State must show substantial evidence that the offender violated the terms of his community-control sanctions at a community-control-revocation hearing." *State v. Boykins*, 3d Dist. Marion No. 9-14-28, 2015-Ohio-1341, ¶ 20. 'Substantial evidence is akin to a preponderance-of-the-evidence burden of proof.' *State v. Burdette*, 5th Dist. Morrow No. 10-CA-9, 2011-Ohio-4425, * * *. 'Substantial evidence is considered to consist of more than a mere scintilla of evidence, but somewhat less than a preponderance.' *Id.* * * *. (Citations omitted.) *Id.* at ¶ 21.

*Id.*, at ¶ 12.

**{¶15}** Community control revocation hearings are not subject to the rules of evidence and hearsay evidence is admissible. *State v. Thoman*, 2024-Ohio-2219, ¶ 10 (3d Dist.), citing *State v. Westrick*, 2011-Ohio-1169, ¶ 24 (3d Dist.). "'The rationale behind this exception is, given the informality of this type of proceeding, the trier of fact should be able to consider any reliable and relevant evidence to

determine whether the probationer has violated the conditions of his probation. * * * Indeed, hearsay evidence can be permissible in a community-control-revocation hearing, even if it would have been inadmissible in a criminal trial.'" *Thoman*, at ¶ 10, quoting *State v. Blankenship*, 2022-Ohio-1808, ¶ 16 (3d Dist.). "The trial court has the sound discretion to determine the trustworthiness of the hearsay evidence presented." *Thoman*, at ¶ 10, citing *State v. Mullins*, 2022-Ohio-4686, ¶ 8 (3d Dist.).

{¶16} Finally, "[a]t a community-control-revocation hearing the trial court, being in the better position to observe the witnesses and hear their testimony, is entitled to deference on issues of witness credibility and weight of the evidence." *State v. Boykins*, 2015-Ohio-1341, ¶ 27 (3d Dist.).

{¶17} In the instant cases, at the community control violation hearing held on July 2, 2025, the prosecution presented the testimony of Crawford County Probation Officer Jeremy Clay, and introduced two exhibits serving to illustrate and corroborate portions of Clay's testimony.

{¶18} Clay testified that he was the probation officer responsible for supervising Burroughs' community control in the two cases at issue. Clay identified a document setting forth Burroughs' conditions of supervision in the cases, noting that he had read and explained the conditions to Burroughs and that she had signed the document to acknowledge her understanding of the conditions.

{¶19} As to the alleged community control violations, Clay testified that, on March 13, 2025, he was contacted by the Crawford County Sheriff's Office and told

that Burroughs was involved in a domestic situation at her home. Clay immediately responded to Burroughs' residence in order to look into the matter. Upon arrival, Clay found Burroughs speaking with law enforcement officers. Based upon her agitation, slurred speech, and the fact she was unsteady on her feet, Burroughs appeared intoxicated to Clay. Burroughs admitted that she had been drinking alcohol and acknowledged that a bottle sitting next to her on the couch contained vodka and Pepsi. Clay made the decision to take Burroughs into custody for violating her community control due to consuming alcohol. Once at the jail, Burroughs submitted a urine sample for screening, the results of which were positive for alcohol and marijuana.

{¶20} Clay testified that Burroughs was also charged with Assault and Domestic Violence as a result of the March 13, 2025 incident at her home. The criminal charges were still pending at the time of the community control violation hearing. Clay testified that the victim of those assault charges was alleged to be Burroughs' sister, Rose, who had been living at Burroughs' residence prior to the incident in question. Clay identified an audio-video recording from the body camera of one of the responding law enforcement officers, and the video was played for the trial court at the hearing. On that video, Rose tells the first officer on scene that Burroughs had just attacked her, urinated on her, and threw her into a room full of cat feces. Rose added that Burroughs was "real drunk." When asked by the officer if she was injured, Rose said that she was okay. On that same video, Burroughs

then states that Rose scared Burroughs' young daughter, by trying to give her a hug, and so Burroughs went upstairs to confront Rose. Burroughs claimed that Rose attacked her and ripped her shirt, and Burroughs stated that she held Rose down in order to keep Rose away from Burroughs' daughter. However, Burroughs then added that her daughter was asleep in a car seat on the home's first floor during the entire incident. Burroughs denied urinating on Rose, stating that the cats must have peed on Rose because they did not like her. On the video, Burroughs admitted to having consumed alcohol.

{¶21} At the community control violation hearing, after Clay testified for the prosecution, the defense presented the testimony of Jonathan Barrier, Burroughs' boyfriend and the father of her youngest child. Barrier testified that he was present on the first floor of Burroughs' home on March 13, 2025, and he heard Rose upstairs yelling "help, get her off me." (Tr., 22). Barrier testified that he went upstairs and found Rose and Burroughs "wrestling around". (*Id.*). Barrier testified that Burroughs was on top of Rose. Barrier testified that he pulled Burroughs off her sister, and that Rose then punched Burroughs in the mouth. Barrier testified there is a room upstairs in that home for their four cats and that the room was not clean at that time. Barrier also identified photographs he took of Burroughs five days after the incident, which depict substantial bruising on several parts of Burroughs' body. On cross-examination, Barrier acknowledged that Burroughs had been drinking alcohol on the date in question, and was intoxicated at the time.

**{¶22}** Burroughs also testified at the hearing. Burroughs testified that, at the time in question, her sister had been living with her for several months. Burroughs also testified that there was a room upstairs in the house that they used for their four cats and that the room was unclean. When asked during direct examination why she would drink alcohol in violation of her terms of community control, she gave a rambling response but did not answer the question. Burroughs testified that she drank "maybe two shots." (Tr., 34). Burroughs repeatedly testified that she did not remember what occurred on March 13, 2025 and, in particular, that she did not remember saying anything that was on the video. She testified that, while she could not remember most of the events of that day, she did remember her sister trying to provoke her. Burroughs testified that "she did say something to me to the point where I felt obligated to restrain her and that's when I put her on the floor * * * ." (Tr., 32). Burroughs then added that it was her sister who attacked first, and that Burroughs was just restraining her. However, later in her testimony, Burroughs stated, "I don't recall how it started, but if it, if it went upstairs, I swear from listening to that, I bet I was trying to get her away from my daughter." (Tr., 39).

**{¶23}** Upon reviewing all of the evidence presented at the hearing, we find that the trial court did not abuse its discretion in determining that Burroughs had violated the terms of her community control. While Burroughs challenges the adequacy of the evidence establishing that she committed the offense of Domestic Violence or Assault in violation of the conditions of her community control, there

was substantial evidence introduced at the hearing establishing that Burroughs engaged in conduct constituting one, or both, of those offenses.

**{¶24}** R.C. 2919.25 defines "Domestic Violence" and sets forth several ways in which that offense can be committed, including knowingly causing or attempting to cause physical harm to a family or household member, or, alternatively, by threat of force, knowingly causing a family or household member to believe that the offender will cause imminent physical harm to the family or household member. R.C. 2903.13 defines "Assault" and R.C. 2903.13(A) provides in relevant part that "[n]o person shall knowingly cause or attempt to cause physical harm to another[.]"

**{¶25}** At the community control violation hearing held in the cases at issue here, the evidence that Burroughs engaged in conduct constituting those offenses included her sister's recorded statements made immediately after the incident occurred, as well as evidence that Burroughs was in an intoxicated and combative state. We also note that Jonathan Barrier, Burroughs' boyfriend, testified that he heard Burroughs' sister upstairs yelling "help, get her off me" and that, upon going upstairs, he observed Burroughs and her sister "wrestling around". Barrier testified that Burroughs was on top of her sister and that he had to pull Burroughs off her sister in order to separate the two females. While Burroughs testified, in essence, that she was not the initial aggressor in that incident, she also repeatedly testified that she did not recall the events at issue. The trial court, being in the best position to assess the credibility of the witnesses, was within its discretion in choosing to

-11-

disbelieve Burroughs' claims of innocence. *State v. Boykins*, *supra*, at ¶ 27. *Accord State v. Wallace*, 2023-Ohio-676, ¶ 15 (3d Dist.).

{¶26} Thus, on the record before us, the trial court did not clearly lose its way or otherwise abuse its discretion in determining that Burroughs violated the first condition of her community control.

{¶27} The first assignment of error is overruled.

*Second Assignment of Error*

{¶28} In the second assignment of error, Burroughs argues that the trial court abused its discretion in terminating her community control and imposing a seven-month term of incarceration. Burroughs asserts that she needed treatment, not confinement, and claims that the trial court erred in sentencing her to the seven-month prison terms.

{¶29} "'[T]he proper scope of felony sentence review by Ohio appellate courts is set forth in R.C. 2953.08(G)(2).'" *State v. Van Den Eynde*, 2023-Ohio-1790, ¶ 4 (3d Dist.), quoting *State v. Brill*, 2023-Ohio-404, ¶ 7 (3d Dist.). Pursuant to R.C. 2953.08(G)(2), "an appellate court may reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Runion*, 2023-Ohio-254, ¶ 7 (3d Dist.), quoting *State v. Marcum*, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not

-12-

to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Van Den Eynde*, at ¶ 4, citing *State v. Sullivan*, 2017-Ohio-8937, ¶ 12 (3d Dist). See, also, *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954).

{¶30} Pursuant to R.C. 2929.15(B), a trial court has three options when an offender violates the conditions of his or her community control: (1) lengthen the terms of the community control sanction, subject to the five-year limit specified in R.C. 2929.15(A); and/or (2) impose a more restrictive community control sanction; or (3) impose a prison term that does not exceed the prison term specified in the notice provided to the offender at the prior sentencing hearing.

{¶31} In the instant cases, the record reflects that Burroughs was given multiple chances at community control before the trial court ultimately opted to impose sentences of incarceration. In Case Number 3-35-23 (23-CR-020), Burroughs pled guilty on May 1, 2023 to the indicted charge of Violating a Protection Order, a fifth-degree felony, and was sentenced to a five-year term of community control. However, just over two months later, an indictment was returned against Burroughs in Case Number 3-25-24 (23-CR-205), again for Violating a Protection Order, a fifth-degree felony, and relating to an offense allegedly committed while Burroughs was on community control in the earlier case. On July 3, 2024, Burroughs pled guilty to the charge in the new indictment, and was

sentenced to a five-year term of community control in that second case. As a result of Burroughs being charged with a felony in the second case, a community control violation was filed against Burroughs in the earlier case. On July 3, 2024, when the second case was resolved with Burroughs' guilty plea, she also admitted the community control violation in the earlier case. At that time, the trial court ordered that Burroughs be continued on community control in the first case. Then, just over eight months later, Burroughs violated her community control in both cases, which are the violations at issue in the cases before us.

{¶32} Upon review, we find that the record supports the trial court's determination that Burroughs was no longer amenable to community control and the court's decision to impose terms of incarceration. Additionally, the seven-month term imposed in each case, to be served concurrently, was less than the 12-month prison term specified in the notices provided to Burroughs at her prior sentencing hearings, and the seven-month prison terms were within the range of prison terms authorized for fifth-degree felonies by R.C. 2929.14(A)(5).

{¶33} As Burroughs has failed to establish by clear and convincing evidence that the record does not support the trial court's sentencing decisions or that the sentences are otherwise contrary to law, the second assignment of error is overruled.

*Third Assignment of Error*

**{¶34}** In the third assignment of error, Burroughs argues that the trial court erred in imposing a sentence of incarceration of more than 90 days for the underlying community control violation of consuming alcohol, which Burroughs claims was merely a "technical" violation.

**{¶35}** R.C. 2929.15(B)(1)(c)(i) specifically limits a trial court's authority to impose a prison term for a "technical violation" of community control to the imposition of a prison term not exceeding 90 days, when the community control sanction was imposed as the sentence for a felony of the fifth degree.

**{¶36}** Pursuant to R.C. 2929.15(E), a "technical violation" of community control is defined as follows:

> [A] violation of the conditions of a community control sanction imposed for a felony of the fifth degree, or for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense, and to which neither of the following applies:
>
> (1) The violation consists of a new criminal offense that is a felony or that is a misdemeanor other than a minor misdemeanor, and the violation is committed while under the community control sanction.
>
> (2) The violation consists of or includes the offender's articulated or demonstrated refusal to participate in the community control sanction imposed on the offender or any of its conditions, and the refusal demonstrates to the court that the offender has abandoned the objects of the community control sanction or condition.

**{¶37}** In the instant appeal, we need not reach the issue of whether Burroughs' consumption of alcohol constituted a technical violation requiring a 90-

day limit on her sentences pursuant to R.C. 2929.15(B)(1)(c)(i). Burroughs' claim in the third assignment of error is expressly conditioned upon the validity of her claim, asserted in the first assignment of error, that the community control violations relating to Burroughs having committed Domestic Violence or Assault were against the weight of the evidence. Based on the claim raised in the first assignment of error, Burroughs argues here in the third assignment of error that the only community control violation in her cases was the fact that she consumed alcohol. However, in light of our finding in the first assignment of error that the trial court's revocation of community control was also properly based on the claim that Burroughs' actions constituted new criminal offenses, neither of which is a minor misdemeanor, the third assignment of error lacks merit.

{¶38} Accordingly, the third assignment of error is overruled.

*Conclusion*

{¶39} Having found no error prejudicial to the defendant-appellant, Stefanie Burroughs, in the particulars assigned and argued, the judgments of the Crawford County Court of Common Pleas are affirmed.

***Judgments affirmed***

**ZIMMERMAN, P.J., and WILLAMOWSKI, J., concur**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgments of the trial court are affirmed with costs assessed to Appellant for which judgment is hereby rendered. The causes are hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Juergen A. Waldick, Judge

_____
William R. Zimmerman, Judge

_____
John R. Willamowski, Judge

DATED:
/jlm