[Cite as *State v. Burdette*, 2011-Ohio-4425.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 10-CA-9 |
| ROBERT J. BURDETTE, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Morrow County Court of Common Pleas Case Nos. 08-CR-82 and 08-CR-217

JUDGMENT:                     AFFIRMED

DATE OF JUDGMENT ENTRY:      August 30, 2011

APPEARANCES:

For Plaintiff-Appellee:

CHARLES HOWLAND 0020765
DAVID HOMER 0030870
Morrow County Prosecuting Attorney
60 East High Street
Mount Gilead, Ohio 43338

For Defendant-Appellant:

MICHAEL C. HOAGUE 0024771
17 Carriage Drive
Delaware, Ohio 43015

*Delaney, P.J.*

{¶1} Defendant-Appellant, Robert Burdette, appeals from the judgment of the

Morrow County Court of Common Pleas, finding him guilty of violating conditions of his

Intervention in Lieu of Conviction (ILC) agreement. The State of Ohio is Plaintiff-Appellee.

{¶2} Appellant was initially charged in Morrow County Common Pleas Court with one count of possession of drugs, in violation of R.C. 2925.11, a felony of the fifth degree. On June 8, 2008, he filed a motion seeking intervention in lieu of conviction (ILC). A plea agreement was reached wherein Appellant was to receive ILC and a temporary order was put in place at the plea hearing on October 23, 2008. Appellant's guilty plea to Possession of Drugs, a felony of the fifth degree was journalized on November 25, 2008. The court reserved sentencing and placed Appellant under control of the Morrow County Probation Department for at least one year.

{¶3} Specific conditions were placed on Appellant as part of his ILC agreement. He was required to complete a Community Based Correctional Facility Program (CBCF), the Ashland County ACCADA drug court program, and abide by their recommended follow-up treatment. He would have to enter a maintenance program of at least one year following his release from CBCF. He would also have to perform up to 500 hours of community service at the discretion of the probation department.

{¶4} Appellant successfully completed CBCF and began reporting to his probation officer in April, 2009. He signed general conditions of probation that included, among other things, a provision that he not use any illegal drugs or prescriptions not lawfully prescribed to him. He was also required to submit to random drug testing at the request of his probation officer.

{¶5} On November 2, 2009, Appellant was required to take such a drug test by submitting a urine sample, and the redi-strip test indicated that Appellant tested positive

for benzodiazepines, commonly known as Xanax. Appellant admitted to his probation officer, Chris Miranda, that he had taken a Xanax and it was not prescribed to him. The urine sample was then sent to an outside lab for further testing and verification.

{¶6} Based on the information received from Miranda, the Morrow County Prosecutor's Office filed a motion to terminate the ILC agreement.

{¶7} The matter came for a hearing on February 4, 2010, and the trial court found that Appellant had violated his agreement. The court based its decision on Appellant's admission of guilt to Miranda as well as the redi-strip test. At that time, the results from the independent laboratory were not available.

{¶8} At a sentencing hearing on March 30, 2010, the court found Appellant guilty pursuant to the ILC agreement of one count of possession of drugs, a felony of the fifth degree, and sentenced Appellant to a prison term of 11 months, to be served concurrently to sentences for similar crimes in Ashland and Richland counties. The court suspended the sentence and ordered Appellant to be placed on three years of community control sanctions.

{¶9} It is from that conviction that Appellant now appeals and raises five Assignments of Error:

{¶10} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN REVOKING APPELLANT'S INTERVENTION IN LIEU OF CONVICTION BECAUSE THE COURT NO LONGER HAD JURISDICTION OVER THE APPELLANT.

{¶11} "II. APPELLANT WAS DENIED DUE PROCESS OF LAW IN THE REVOCATION OF HIS INTERVENTION IN LIEU OF HIS CONVICTION IN VIOLATION OF HIS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE

UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶12} "III. THE TRIAL COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION IN REVOKING DEFENDANT'S INTERVENTION IN LIEU OF CONVICTION AND THEREBY VIOLATED APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶13} "IV. THE TRIAL COURT'S FINDING AT THE REVOCATION HEARING THAT APPELLANT VIOLATED A CONDITION OF HIS INTERVENTION IN LIEU OF CONVICTION WAS BOTH AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND NOT SUPPORTED BY SUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶14} "V. THE APPELLANT'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO DUE PROCESS, EQUAL PROTECTION, FUNDAMENTAL FAIRNESS AND THE EFFECTIVE ASSISTANCE OF COUNSEL WERE VIOLATED WHEN THE STATE FAILED TO DISCLOSE AND WITHHELD THE RESULTS OF A LABORATORY TEST THAT WAS FAVORABLE TO APPELLANT AND MATERIAL TO GUILT IN THAT IT REFUTED THE RESULTS OF THE REDI-STRIP TEST THAT THE STATE RELIED ON IN SUPPORT OF ITS MOTION TO TERMINATE APPELLANT'S INTERVENTION IN LIEU OF CONVICTION."

I.

{¶15} In Appellant's first assignment of error, he argues that the trial court erred in revoking his Intervention in Lieu of Conviction (ILC) because the court no longer had jurisdiction over Appellant.

{¶16} Specifically, Appellant references R.C. 2951.041, which provides, in pertinent part:

{¶17} "(E) If the court grants an offender's request for intervention in lieu of conviction and the court finds that the offender has successfully completed the intervention plan for the offender, including the requirement that the offender abstain from using drugs and alcohol for a period of at least one year from the date on which the court granted the order of intervention in lieu of conviction and all other terms and conditions ordered by the court, the court shall dismiss the proceedings against the offender. Successful completion of the intervention plan and period of abstinence under this section shall be without adjudication of guilt and is not a criminal conviction for purposes of any disqualification or disability imposed by law and upon conviction of a crime, and the court may order the sealing of records related to the offense in question in the manner provided in sections 2953.31 to 2953.36 of the Revised Code."

{¶18} Of additional relevance, however, is R.C. 2951.041(D), which provides:

{¶19} "(D) If the court grants an offender's request for intervention in lieu of conviction, the court shall place the offender under the general control and supervision of the county probation department, the adult parole authority, or another appropriate local probation or court services agency, if one exists, as if the offender was subject to a community control sanction imposed under section 2929.15, 2929.18, or 2929.25 of the Revised Code. The court shall establish an intervention plan for the offender. The terms

and conditions of the intervention plan shall require the offender, *for at least one year from the date on which the court grants the order of intervention in lieu of conviction*, to abstain from the use of illegal drugs and alcohol, to participate in treatment and recovery support services, and to submit to regular random testing for drug and alcohol use and may include any other treatment terms and conditions, or terms and conditions similar to community control sanctions, which may include community service or restitution, that are ordered by the court." (Emphasis added).

{¶20} The trial court held a hearing on February 4, 2010, and found that Appellant had violated his ILC conditions by testing positive for benzodiazepines on November 2, 2009. Appellant then admitted that he ingested illegal drugs to his probation officer. The judgment entry from which Appellant was given ILC was filed on November 25, 2008, as a result of an October 22, 2008, plea agreement. At the October 22, 2008, hearing, a temporary treatment order was put into place.

{¶21} Appellant's supervision under the Morrow County Probation Department was not completed when he committed this infraction. He had not completed the Ashland County drug court program and follow up treatment, nor had he entered into a maintenance program of not less than one year. Moreover, R.C. 2951.041(D) indicates that ILC will last for at least one year, not exactly one year. As the other conditions of Appellant's ILC program had not been completed, and there is no termination of his ILC for successful completion of conditions at the time that he committed the current infraction, we find Appellant's argument to be unpersuasive.

{¶22} Appellant's first assignment of error is overruled.

II, III, & IV

{¶23} In Appellant's second and third assignments of error, he argues that his due process rights were violated because his ILC was revoked and that the trial court abused its discretion in revoking his ILC. In his fourth assignment of error, he argues that the trial court's finding of guilt was against the manifest weight of the evidence.

{¶24} ILC is comparable to probation, and those who are placed on ILC are monitored by the county probation department. R.C. 2951.041(D). In order to comport with due process, a trial court must adhere to the following conditions when ruling on a defendant's guilt in relation to a probation violation: "(a) written notice of the claimed violations; (b) disclosure of evidence against the defendant; (c) the opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revocation *State v. Pavlich*, 6th Dist. No. E-10-011, 2011-Ohio-802, at ¶25, citing *State v. McKeithen*, 3rd Dist. No. 9–08–29, 2009–Ohio–84, ¶ 22, quoting *State v. Miller* (1975), 42 Ohio St.2d 102, 104, 326 N.E.2d 259, quoting *Morrissey v. Brewer* (1972), 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484.

{¶25} A community control revocation is not a criminal trial; therefore, the State is not required to establish a violation of the terms of community control "beyond a reasonable doubt." *Pavlich*, supra, ¶7, citing *State v. Ryan*, 3rd Dist. No. 14–06–55, 2007–Ohio–4743, ¶ 7, citing *State v. Hylton* (1991), 75 Ohio App.3d 778, 600 N.E.2d 821. Instead, the state must show "substantial" proof that the offender violated the terms of his or her community control sanctions. *Ryan*, supra.

{¶26} Substantial evidence is akin to a preponderance-of-the-evidence burden of proof. *State v. Ohly*, 166 Ohio App.3d 808, 853 N.E.2d 675, 2006-Ohio-2353, at ¶18, citing *State v. Hayes* (Aug. 10, 2001), 6th Dist. No. WD-00-075. Substantial evidence is considered to consist of more than a mere scintilla of evidence, but somewhat less than a preponderance. *State v. Gomez* (Feb. 18, 1994), 11th Dist. No. 93-L-080, citing *Laws v. Celebrezze* (4th Cir., 1966), 368 F.2d 640, 642, and *Marker v. Finch* (D.C.Del.1971), 322 F.Supp. 905, 910, fn. 7.

{¶27} "The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." *State v. Bell* (1990), 66 Ohio App.3d 52, 57, 583 N.E.2d 414. Determination of the credibility of the witnesses is for the trier of fact. *State v. Swiger* (1966), 5 Ohio St.2d 151, 156, 214 N.E.2d 417. A trial court's finding of a violation of community control will not be disturbed on appeal absent an abuse of discretion. *Pavlich*, supra. An abuse of discretion implies more than an error of law or judgment; instead, it connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, an appellate court may not simply substitute its judgment for that of the trial court. Id.

{¶28} In the case at bar, Mr. Miranda testified that Appellant tested positive for illegal drugs based on a redi-strip test. Appellant then admitted that he had taken a Xanax that was not prescribed to him. Based on this evidence, the court found that Appellant had violated the terms of his ILC program and revoked his ILC.

{¶29} Appellant argues that because the test results from an outside agency indicated negative results for drugs in Appellant's system, he should have been allowed to further argue the issue of Appellant's guilt of the violation. Appellant also argues that the prosecutor committed a violation by failing to disclose the results of this lab test prior to the date of the sentencing hearing. In fact, the prosecutor represented that she did not receive the report until March 30, 2010, the date of the sentencing hearing.

{¶30} The trial court, over Appellant's objection, refused to consider the lab report as additional evidence. The court, in so doing, stated that it was basing its finding on Appellant's admission to taking illegal drugs and was not relying heavily on the redi-strip test.

{¶31} We do not find that Appellant has presented evidence of a due process violation based on the proceedings in the trial court. Moreover, we do not find that the trial court abused its discretion in finding Appellant guilty of violating his ILC conditions and the court's finding was not against the manifest weight of the evidence.

{¶32} Appellant's second, third, and fourth assignments of error are overruled.

V.

{¶33} In Appellant's fifth assignment of error, he argues that his due process rights and equal protection rights were violated because he was not granted complete discovery prior to his revocation hearing.

{¶34} First, we would address Appellee's contention that the transcript from which it cites was prepared in violation of App. R. 9. We disagree.

{¶35} Ohio App. R. 9 provides, in pertinent part:

{¶36} "(A) * * * The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. Proceedings recorded by means other than videotape must be transcribed into written form. When the written form is certified by the reporter in accordance with App. R. 9(B), such written form shall then constitute the transcript of proceedings. When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs.* * *"

{¶37} Appellant provided a transcript and certified that it was accurate pursuant to App. R. 9(A). While it may have been more appropriate for Appellant to file the transcript prior to filing his brief, the rule does not require this and Appellee could raise any questions regarding the accuracy of the transcript to this court.

{¶38} Turing to the issue of potential discovery noncompliance resulting in a constitutional violation, we examine the rules of criminal procedure in Ohio. Crim. R. 32.3, which governs probation revocation hearings, does not expressly provide for a right to discovery prior to the revocation hearing. Revocation of probation implicates two due process requirements. The trial court is first required to conduct a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of his probation. *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct.

1756, 36 L.Ed.2d 656; *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. At the hearing the trial court must comply with the terms set out in ¶15, infra. Appellant was afforded each of these rights at his hearing.

{¶39} Crim. R. 16 applies to criminal proceedings. A probation revocation hearing or as an extension, an ILC termination hearing, is not criminal in nature, and therefore we hold that Crim. R. 16 is inapplicable to revocation hearings. See *State v. Parsons* (Nov. 26, 1996), 2nd Dist. No. 96 CA 20, 1996 WL 665004.

{¶40} Appellant argues that the State failed to timely disclose the results of an outside lab result, indicating that Appellant tested negative for illegal drugs. To the contrary, the record supports the finding that the State turned over the results of the test the same day that it received the results, on March 30, 2010, the date of the sentencing hearing.

{¶41} When Appellant's counsel requested that the court reconsider its decision to find Appellant in violation of the terms of his ILC, the court declined to do so, stating, "In terms of the violation itself, I'm not going to revisit. I haven't seen a reason why I should revisit. * * * This is separate from what we were doing at that [time] and I found the defendant to be a violator. . . .there was an admission of use of an illegal substance or substance that was not properly prescribed and therefore the violation and therefore the revocation and so I'm not going to go back and do that again… [New evidence] is not going to alter the Court. I just said to you I am not going back and reviewing."

{¶42} Finding no constitutional violation and moreover, no prejudice to Appellant, we overrule his fifth assignment of error.

{¶43} The judgment of the Morrow County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Farmer, J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR MORROW COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ROBERT J. BURDETTE, JR. | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10-CA-9 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Morrow County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE