[Cite as *State v. Wallace*, 2023-Ohio-676.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                  CASE NO. 3-22-40

     v.

PATRICK WALLACE,                    O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 20-CR-0407

Judgment Affirmed

Date of Decision: March 6, 2023

APPEARANCES:

    *Howard A. Elliott* for Appellant

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Patrick Wallace, ("Wallace") appeals the August 30, 2022 judgment entry of the Crawford County Common Pleas Court, General Division, revoking his community control and imposing a 9-month prison term. For the reasons that follow, we affirm.

{¶2} This case stems from Wallace's travel from Franklin County to Crawford County to allegedly engage in sexual conduct (by force or threat of force) with a juvenile after he admittedly provided her with marijuana.

{¶3} On November 10, 2020, the Crawford County Grand Jury indicted Wallace on two criminal counts: Count One, Rape in violation of R.C. 2907.02(A)(2), (B), a first-degree felony and Count Two, Corrupting another with drugs in violation of R.C. 2925.02(A)(4)(a), (C)(3), a fourth-degree felony. Wallace appeared for arraignment on November 16, 2020 and entered pleas of not guilty.

{¶4} On January 13, 2021, Wallace entered a guilty plea to Count Two (the Corrupting-another-with-drugs charge) in exchange for a dismissal of Count One (the Rape charge) pursuant to a negotiated-plea agreement. Importantly, the negotiated-plea agreement contained a joint-sentencing recommendation. Specifically, Wallace and the State agreed to recommend to the trial court a five-year term of community control that included basic supervision by the Crawford County Probation Department. Thereafter, the trial court held a sentencing hearing

wherein the parties' joint-sentencing recommendation was followed in its entirety. Further, the trial judge reserved an 18-month prison term on Count Two and ordered a *post-sentence* investigation.[1] (*See* Jan. 13, 2021 Tr. at 10).

{¶5} On March 18, 2021, the trial court issued an order suspending Wallace's community control because he had not complied with the rules and regulations of supervision. Wallace was apprehended on that bench warrant on June 20, 2022.

{¶6} On June 21, 2022, Wallace's probation officer filed a notice of violation in the trial court seeking to revoke Wallace's community control due to violation of several rules including that his whereabouts were unknown; that he failed to complete the post-sentence investigation and respond to attempts to contact him via telephone, and that he had a positive urine screen for THC and for EtG (alcohol). That same day, Wallace's probation officer provided him with a copy of that notice by personal service. Thereafter, Wallace appeared personally (with counsel) in the trial court at his preliminary-revocation hearing, and the matter was scheduled for a final-revocation hearing.

---

[1] At the time of his change-of-plea hearing, the State acknowledged that Wallace was a Franklin-County resident. (Jan. 13, 2021 Tr. at 8). Thus, it is evident to us the parties agreed to waive completion of a *presentence*-investigation report since the trial court proceeded immediately to a sentencing hearing with the intent to transfer his supervision to Franklin County. The propriety of the trial court sentencing Wallace to community control without a presentence investigation report is not before us in this appeal. *See* Crim.R. 32.2; R.C. 2951.03(A)(1).

{¶7} On August 29, 2022, the trial court held a community-control-revocation hearing, and found that Wallace violated community control. Thereafter, the trial court revoked Wallace's community control and sentenced him to a 9-month prison term.

{¶8} Wallace timely appeals and raises two assignments of error for our review that we will review separately.

### Assignment of Error I

**The finding by the Trial Court of a community control violation herein because of the Defendant-Appellant's failure to maintain contact with the Community Control Department, is against the manifest weight of the evidence inasmuch as no specific timetable for reporting was set by the Community Control supervisor who had advised the Defendant-Appellant that he would get back with him; as such, the conviction for this alleged community control violation must be reversed and set aside.**

{¶9} In his first assignment of error, Wallace argues that the trial court erred by finding that Wallace violated his community control. Specifically, Wallace asserts that the record does not support the trial court's determination that he failed to maintain contact with his probation officer, Eric Bohach ("Bohach").

{¶10} Initially, we note that the State failed to file a brief in the instant case. The Ohio Rules of Appellate Procedure state in pertinent part that:

> [i]f an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as

-4-

correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.

App.R. 18(C). *See also State v. Lewis*, 3d Dist. Auglaize No. 2-16-13, 2017-Ohio-996, ¶ 7; *State v. Montgomery*, 3d Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 9; *State v. Young*, 3d Dist. Seneca No. 13-03-52, 2004-Ohio-540, ¶ 4. However, upon our review of the record, we find that the appellant's brief does not reasonably appear to sustain a reversal of the trial court's judgment. Thus, we will examine appellant's assignments of error.

### *Standard of Review*

{¶11} The decision of a trial court finding a community-control violation will not be disturbed absent an abuse of discretion. *State v. McKeithen*, 3d Dist. Marion No. 9-08-29, 2009-Ohio-84, ¶ 7, citing *State v. Ryan*, 3d Dist. Auglaize No. 14-06-55, 2007-Ohio-4743, ¶ 7; *State v. Espinoza*, 3d Dist. Allen No. 1-21-48, 2022-Ohio-1807, ¶ 17. An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

### *Analysis*

{¶12} "Because a community control violation hearing is not a criminal trial, the State need not prove a violation beyond a reasonable doubt." *State v. Roberts*, 2d Dist. Champaign No. 2016-CA-8, 2017-Ohio-481, ¶ 20. Rather, "the State must show substantial evidence that the offender violated the terms of his community-

control sanctions at a community-control-revocation hearing." *State v. Boykins*, 3d Dist. Marion No. 9-14-28, 2015-Ohio-1341, ¶ 20.

> 'Substantial evidence is akin to a preponderance-of-the-evidence burden of proof.' *State v. Burdette*, 5th Dist. Morrow No. 10-CA-9, 2011-Ohio-4425, *4 * * *. 'Substantial evidence is considered to consist of more than a mere scintilla of evidence, but somewhat less than a preponderance.' *Id.* * * *.

(Citations omitted.) *Id.* at ¶ 21.

**{¶13}** Relevant to this discussion, the trial court found that Wallace violated Crawford County condition number five

> **'I will follow all orders verbal or written given to me by my supervising officer or other authorized representatives of the Court or the Department of Rehabilitation and Correction.' To Wit:**
>
> **As of 3/18/2021 [Wallace's] whereabouts [were] unknown and a warrant was issued.**

(Doc. No. 23).

**{¶14}** On appeal, Wallace argues that the evidence does not support his violation of condition number five regarding his whereabouts being unknown since at all times relevant his Probation Officer (Bohach) knew his address and failed to go to that address to locate him. Moreover, he argues that he could not be in violation of condition number five since Bohach told Wallace he would contact him by telephone at a later date.

**{¶15}** Wallace argues that it was the responsibility of the Crawford County Probation Department to take steps to seek him out, in addition to the failed attempts to reach him by telephone at the *numbers* that he (Wallace) previously provided for such a purpose. On the contrary, to us, what Wallace is really arguing relates to an issue of witness credibility since Bohach testified that Wallace did not make contact with him until he (Wallace) became aware that a bench warrant had been issued for his arrest some 15 months after sentencing, and Wallace testified that he attempted to contact Bohach once a month since the court hearing to no avail. "At a community-control-revocation hearing the trial court, being in the better position to observe the witnesses and hear their testimony, is entitled to deference on issues of witness credibility and weight of the evidence." *Boykins*, 2015-Ohio-1341, at ¶ 27. Here, the trial court was in a better position to assess the credibility of the witnesses and the trial court chose to believe Bohach instead of Wallace. *Accord id. See also State v. Scheck*, 3d Dist. Marion No. 9-08-20, 2008-Ohio-5314, ¶ 22.

**{¶16}** Moreover, in our view, Wallace attempts to alleviate his responsibility to remain in contact with Bohach, by shifting the blame to Bohach. Importantly, Wallace's failure to *remain in contact* with Bohach not only thwarted efforts to supervise him, but also frustrated Wallace's own self-serving request to transfer his community-control supervision to Franklin County and resulted in the trial court's finding that Wallace had absconded. Consequently, Wallace failed to make himself

available to any of Bohach's supervision efforts for almost 15 months. To us, Wallace's lack of compliance supports the trial court's determination that he had absconded, a non-technical violation of his community-control sanctions.

{¶17} Accordingly, based on the evidence presented, we conclude that there was substantial evidence presented that Wallace violated the terms and conditions of his community-control sanctions. *See Boykins*, 2015-Ohio-1341, at ¶ 20.

{¶18} Therefore, the trial court did not abuse its discretion by concluding that Wallace violated the terms and conditions of his community-control sanctions.

{¶19} Accordingly, Wallace's first assignment of error is overruled.

## Assignment of Error II

**The nine month sentence for the community control violation herein, in light of the proper conviction on the allegation of failure to report by the Defendant-Appellant, is in excess of what is permitted by law inasmuch as the Defendant-Appellant admitted to having committed two technical violations of community control, that of consumption of alcohol and consumption of marijuana, each subject to a maximum ninety day term of imprisonment, and accordingly, the sentence herein must be vacated and remanded to the Trial Court for further proceedings.**

{¶20} In his second assignment of error, Wallace argues that the trial court erred by sentencing him to 9-month prison term for a technical violation of his community-control orders. However, based upon our finding in appellant's first assignment of error that the trial court's revocation was based upon a non-technical

violation (i.e., absconding), the assignment of error is rendered moot. *See* App.R. 12(A)(1)(c).

{¶21} Accordingly, Wallace's second assignment of error is overruled.

{¶22} Having found no error prejudicial to Wallace in the particulars assigned and argued, the judgment of the Crawford County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**MILLER, P.J. and WALDICK, J., concur.**

**/jlr**