**[Cite as *State v. Jones*, 2024-Ohio-1420.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

TORIN JONES,

    DEFENDANT-APPELLANT.

CASE NO. 3-23-32

O P I N I O N

---

**Appeal from Crawford County Common Pleas Court**
**Trial Court No. 21-CR-304**

**Judgment Affirmed**

**Date of Decision:  April 15, 2024**

---

APPEARANCES:

    *Christopher Bazeley* **for Appellant**

    *Daniel J. Stanley* **for Appellee**

**MILLER, J.**

{¶1} Torin Jones ("Jones") appeals the June 27, 2023 judgment of the Crawford County Court of Common Pleas terminating his community control and ordering him to serve a prison term after finding he was convicted of a new felony offense in Marion County.

{¶2} On September 14, 2021, the Crawford County Grand Jury indicted Jones for a single count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree. Jones initially entered a not guilty plea to the charge. However, on May 23, 2022, Jones withdrew his plea of not guilty and entered a guilty plea to a reduced charge of burglary, a violation of R.C. 2911.12(A), a felony of the second degree. The parties agreed to the imposition of community control sanctions for a period of three years with an eight-year reserved prison term. The trial court accepted Jones's guilty plea, found him guilty, and, in accordance with the joint sentencing recommendation, sentenced him to three years of community control under the basic terms of supervision. The court reserved an eight-year prison term in the event Jones violated his supervision. The sentence was journalized the next day.

{¶3} On April 13, 2023, Jones's probation officer filed a Notice of Violation indicating Jones failed to comply with Rule #1, which required him to obey federal, state and local ordinances and to conduct himself as a responsible law abiding

citizen. Specifically, Jones was found guilty in the Marion County Court of Common Pleas of a new felony charge for failing to register as a sex offender. At a hearing that same day, the trial court determined there was probable cause to believe Jones violated the terms of his community control. The trial court entered a denial on behalf of Jones, set a bond, appointed counsel and continued the matter for a further hearing at a later date.

{¶4} The matter proceeded to a contested revocation hearing on June 26, 2023. At that time, the court was presented with various exhibits and heard testimony from Jones and his probation officer. After considering the evidence, the court concluded Jones violated the terms of his community control as a result of the new felony conviction. Rather than imposing the full reserved prison term, the court ordered Jones to serve a minimum term of two years up to a maximum of three years in prison. The trial court journalized its findings and sentence the next day.

{¶5} On July 10, 2023, Jones filed his notice of appeal. He assigns only one assignment of error in his appeal:

**The trial court erred when it sentenced Jones to incarceration for a violation of community control.**

{¶6} Jones contends the decision to impose a prison sentence was an abuse of discretion because it was not justified by the record. (Appellant's Brief at 2). Jones vaguely suggests he should have been continued on community control supervision because "[b]oth the trial court and the probation officer agreed that

Jones had done well and was compliant while on Community Control." *Id.* He also challenges the underlying facts regarding his duty to register as a sex offender, asserting it was unclear whether the duty, which arose from a sex offense in the state of Michigan, was in effect at the time he was alleged to have committed the new offense. He asks this Court to vacate the sentence and remand the matter to the trial court for resentencing. Because there was substantial evidence to support the finding of a community control violation, the trial court did not abuse its discretion in finding the violation of the community control conditions. Nor did the court err by imposing a prison sentence.

{¶7} "The decision of a trial court finding a community-control violation will not be disturbed absent an abuse of discretion." *State v. Wallace*, 3d Dist. Crawford No. 3-22-40, 2023-Ohio-676, ¶ 11. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} A hearing on a community control violation is not a criminal trial and the State is not obligated to prove a violation of the conditions of community control beyond a reasonable doubt. *Wallace* at ¶ 12, citing *State v. Roberts*, 2d Dist. Champaign No. 2016-CA-8, 2017-Ohio-481, ¶ 20. Instead, the State need only present substantial evidence that the offender violated the terms of his or her

community control sanctions. *Id.*, citing *State v. Boykins*, 3d Dist. Marion No. 9-14-28, 2015-Ohio-1341, ¶ 20. "Substantial evidence is akin to a preponderance-of-the-evidence burden of proof." *State v. Burdette*, 5th Dist. Morrow No. 10-CA-9, 2011-Ohio-4425, ¶ 26, citing *State v. Ohly*, 166 Ohio App.3d 808, 2006-Ohio-2353, ¶ 18 (6th Dist.).

{¶9} First, the record shows the trial court considered Jones's argument that he was not required to register as a sex offender. Upon our review of the record, we find no error in the trial court's determination that the State proved by a preponderance of the evidence that Jones failed to register as a sex offender. For instance, the court stated:

> So the bottom line is, you get convicted of a sex offense. [Jones] did admit that there was some registration requirements, though I think he was very unclear about what they were.
>
> Detective Johns has researched this, found that he thought there was a violation. He was indicted by Marion [County], who also looked at the situation, [indicted him] and then ultimately the Defendant did plead guilty to it. And he's talked about possibly appealing the matter, but the – the time for filing his appeal has – has expired.
>
> * * *
>
> So I'm going to find that the State has proven by a preponderance of the evidence that the Defendant did violate his Community Control by not registering from the date of his sentenc[ing hearing] until October when he actually * * * registered with * * * Marion. * * *
>
> So I think he – the State has established there was a requirement. They've established he didn't register. So they have established there was a violation here. I'm going to find that's been proven by a preponderance of the evidence.

(June 26, 2023 Tr. at 52-54).

{¶10} Jones contends (as he did in the trial court) that the continued existence of his duty to register as a sex offender is unclear because the underlying conviction occurred in Michigan in the 1990's and the Michigan sex offender law has undergone multiple changes, making it difficult to interpret. While this may be true, it does not negate the fact that after he was placed on community control in this case, Jones pled guilty in Marion County to a felony charge of failing to register as a sex offender in violation of R.C. 2950.04(E). (June 26, 2023 Tr. at 15-17); (Exhibits B and C).[1] Consequently, Jones's guilty plea in Marion County constituted his complete admission to committing the new felony offense. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 19 (holding that a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt.)

{¶11} Next, we consider Jones's argument that the trial court erred by imposing a prison sentence. Despite Jones's assertion that he had been compliant during the five months while being supervised on community control, we do not find under the facts and circumstances of this case that the trial court erred by not continuing Jones on community control.

---

[1] Jones did not appeal the Marion County case and only the indictment, Exhibit B, and the sentencing entry, Exhibit C, were made a part of the record in the instant matter.

{¶12} The trial court considered the purposes and principles of felony sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors of R.C. 2929.12. It was evident that Jones had an extensive criminal record in multiple states going back many years and previously served prison sentences as a result of some of these convictions. The underlying conviction in this case was for a burglary offense, a felony of the second degree. The Marion County conviction resulted from conduct that occurred while Jones was on community control. We also note the trial court imposed the minimum sentence of two years in prison rather than the reserved term of eight years. Given this background, we find no abuse of discretion by the trial court.

{¶13} Jones's assignment of error is without merit and is overruled.

{¶14} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Crawford County Court of Common Pleas.

*Judgment Affirmed*

**WALDICK and ZIMMERMAN, J.J, concur.**

/tmm