[Cite as *State v. Dircksen*, 2025-Ohio-5783.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

DEREK A. DIRCKSEN,

    DEFENDANT-APPELLANT.

CASE NO. 8-24-50

OPINION AND
JUDGMENT ENTRY

Appeal from Logan County Common Pleas Court
Trial Court No. CR 21 07 0177

Judgment Affirmed

Date of Decision:  December 29, 2025

APPEARANCES:

    *Addie J. King* for Appellant

    *Erin G. Rosen* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Derek A. Dircksen ("Dircksen"), appeals the November 5, 2024 judgment of the Logan County Court of Common Pleas revoking his community control and sentencing him to prison. For the reasons that follow, we affirm.

{¶2} On August 10, 2021, Dircksen entered a guilty plea to a single count of failure to appear in violation of R.C. 2937.99(A), (B), a fourth-degree felony. On October 18, 2021, the trial court sentenced Dircksen to three years of community control. The trial court notified Dircksen that it would impose an 18-month prison term if he violated the conditions of his community control. One of the conditions required Dircksen to enter, and successfully complete, a treatment program at the Worth Center and follow any aftercare recommendations.

{¶3} On April 7, 2022, the trial court issued an order suspending Dircksen's period of community control because he absconded from the treatment program. A capias was issued.

{¶4} On May 4, 2023, Dircksen filed a motion to lift the capias. The motion stated that Dircksen was currently incarcerated and serving a sentence for tampering with evidence and possession of drugs. The motion further stated that Dircksen was ineligible for judicial release due to the capias. Following a hearing on June 6, 2023,

the trial court withdrew the capias and reinstated Dircksen's period of community control.

{¶5} On October 11, 2024, a motion was filed requesting that the trial court issue an order requiring Dircksen to show cause why his community control should not be revoked. Specifically, the motion alleged that Dircksen had violated the conditions of his community control by (1) knowingly causing another person to believe that he would cause the person physical harm, and (2) using methamphetamine. Dircksen initially entered denials to the allegations.

{¶6} Dircksen appeared on November 5, 2024 for a final hearing on the allegations. Dircksen admitted to using methamphetamine, but denied causing another person to believe that he would cause the person physical harm. Following an evidentiary hearing on the threat-of-physical-harm allegation, the trial court found that Dircksen violated the conditions of his community control as to both allegations. The trial court revoked Dircksen's community control and sentenced him to 18 months in prison.

{¶7} On November 21, 2024, Dircksen filed a notice of appeal. He raises two assignments of error for our review.

### First Assignment of Error

**The Trial Court Abused Its Discretion In Finding That The State Proved By A Preponderance Of The Evidence That Defendant Violated His Probation With Regard To The Allegation Of Threats.**

{¶8} In his first assignment of error, Dircksen argues that the trial court abused its discretion by finding that he caused the victim to believe that he would cause her physical harm. According to Dircksen, "it is unreasonable to find that [he] is in violation of his community control terms for an allegation that is solely based on statements of a single person with a reputation for dishonesty." (Appellant's Brief at 8).

*Standard of Review*

{¶9} "The decision of a trial court finding a community-control violation will not be disturbed absent an abuse of discretion." *State v. Wallace*, 2023-Ohio-676, ¶ 11 (3d Dist.). An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} A hearing on a community-control violation is not a criminal trial and the State is not obligated to prove a violation of the conditions of community control beyond a reasonable doubt. *Wallace* at ¶ 12. Rather, the State need only present substantial evidence that the offender violated the conditions of his community control. *Id.* "'Substantial evidence is akin to a preponderance-of-the-evidence burden of proof.'" *State v. Jones*, 2024-Ohio-1420, ¶ 8 (3d Dist.), quoting *State v. Burdette*, 2011-Ohio-4425, ¶ 26 (5th Dist.).

*Analysis*

{¶11} In this case, Dircksen admitted to using methamphetamine, but denied the threat-of-physical-harm allegation. An evidentiary hearing was held and the trial court heard testimony from several witnesses, including the victim and Dircksen. The victim testified that she overheard a phone conversation wherein Dircksen stated that he was coming to her house with a gun. The victim "was a little fearful" after hearing Dircksen's threat and "called 911 immediately." (Nov. 5, 2024 Tr. at 13-14). A recording of the victim's 911 call was played at the hearing. Dircksen also testified at the hearing. Dircksen denied making any threats against the victim. Dircksen testified that the victim called him and threatened to have him "beat." (*Id.* at 30).

{¶12} After considering the evidence, the trial court found the victim "to be a credible witness" and that the emotion she expressed in the 911 call was genuine. (*Id.* at 38). "[S]he was truly calling to express fear that Mr. Dircksen would cause her physical harm." (*Id.*). Thus, the trial court found that Dircksen's threat of physical harm was proven by a preponderance of the evidence.

{¶13} "At a community-control-revocation hearing the trial court, being in the better position to observe the witnesses and hear their testimony, is entitled to deference on issues of witness credibility and weight of the evidence." *State v. Boykins*, 2015-Ohio-1341, ¶ 27 (3d Dist.). Here, the trial court was in a better

position to assess the credibility of the witnesses and the trial court chose to believe the victim instead of Dircksen.

**{¶14}** Accordingly, based on the evidence presented, we conclude that there was substantial evidence presented that Dircksen caused the victim to believe that he would cause her physical harm. *See Wallace*, 2023-Ohio-676, at ¶ 12 (3d Dist.). Therefore, the trial court did not abuse its discretion by concluding that Dircksen violated the conditions of his community control based on his threat of physical harm.

**{¶15}** Dircksen's first assignment of error is overruled.

### Second Assignment of Error

**The Trial Court Abused Its Discretion In Sentencing For Imposing A Maximum Sentence.**

**{¶16}** In his second assignment of error, Dircksen argues that the trial court abused its discretion by sentencing him to 18 months in prison. Specifically, Dircksen argues that the record does not support "a maximum sentence." (Appellant's Brief at 10).

*Standard of Review*

**{¶17}** Under R.C. 2953.08(G)(2), an appellate court may vacate or modify a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and

convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶18}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 2015-Ohio-4225, ¶ 9 (3d Dist.), quoting *State v. Noble*, 2014-Ohio-5485, ¶ 9 (3d Dist.). "A sentence imposed within the statutory range is generally valid so long as the trial court considered the applicable statutory policies that apply to every felony sentencing, including those contained in R.C. 2929.11, and the sentencing factors of 2929.12." *State v. Wyne*, 2022-Ohio-4068, ¶ 18 (3d Dist.).

> In relevant part, R.C. 2929.11 provides that
>
> [t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A). To achieve the overriding purposes of felony sentencing, R.C. 2929.11 directs the sentencing court to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must

be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases.'" *Smith* at ¶ 10, quoting R.C. 2929.11(B).

{¶19} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10. "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 2011-Ohio-5032, ¶ 18 (6th Dist.).

{¶20} In this case, the trial court sentenced Dircksen to a prison term of 18 months for failure to appear, a fourth-degree felony. "For a felony of the fourth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." R.C. 2929.14(A)(4). Thus, the trial court sentenced Dircksen within the permissible statutory range for a fourth-degree felony.

{¶21} In addition, the record reflects that the trial court considered R.C. 2929.11 and 2929.12 in fashioning Dircksen's sentence. The trial court stated that it considered the purposes and principles of felony sentencing. The trial court noted that Dircksen's conduct caused the victim "serious emotional and mental harm." (Nov. 5, 2024 Tr. at 41). The trial court further noted that Dircksen has a history of

past criminal convictions—including drug and alcohol offenses—and that he failed to complete treatment. The trial court stated as follows:

> With respect to the recidivism factors set forth in Ohio Revised Code Section 2929.12(D), obviously there's a history of past criminal convictions, failure to respond favorably to past sanctions, and a demonstrated pattern of drug and alcohol abuse related to the offenses, failure to acknowledge that pattern or to complete treatment.
>
> Mr. Dircksen, your community control is hereby revoked and the Court imposes the reserved 18-month prison term. That is a non-mandatory prison term. The Court finds that a non-prison sentence would not adequately punish the defendant or protect the public and that a non-prison sentence would demean the seriousness of the defendant's conduct.

(*Id.*).

{¶22} Based on our review of the record, we conclude the trial court did not abuse its discretion by sentencing Dircksen to prison. As detailed above, the trial court considered the seriousness of Dircksen's conduct, his history of criminal convictions, and his failure to respond favorably to past sanctions. Thus, the trial court's decision to impose a prison term of 18 months for a fourth-degree felony is supported by the record.

{¶23} Dircksen's second assignment of error is overruled.

{¶24} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

_____
William R. Zimmerman, Judge


_____
Juergen A. Waldick, Judge


_____
John R. Willamowski, Judge

DATED:
/hls